**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0979-15T3

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Plaintiff-Respondent,

v.

JUDITH MESSINEO,

    Defendant-Appellant,

and

DOMINIC F. COLETTA; MARY
COLETTA; STATE OF NEW JERSEY;
COUNTY OF MONMOUTH; SYED S.
AHMAD; SYED AHMAD, M.D.;
PLEASANT DENTAL CENTER P.A.;
ADAMAR OF NEW JERSEY, INC.;
GARY AXELRAD, M.D.; COUNTY OF
ATLANTIC; HOSPITAL AND DOCTORS
SERVICE BUREAU; SPIRAS CLOTHING
INC., 600 KINDERKAMACK ROAD
OPERATING COMPANY, L.L.C., d/b/a
ORADELL HEALTH CARE CENTER; and
UNITED STATES OF AMERICA,

    Defendants.

_____

Submitted January 31, 2017 — Decided July 3, 2017

Before Judges Suter and Guadagno.

On appeal from Superior Court of New Jersey, Chancery Division, Warren County, Docket No. F-7411-13.

Judith Messineo, appellant pro se.

Stern, Lavinthal & Frankenberg, L.L.C., attorneys for respondent (Mark S. Winter, of counsel and on the brief).

PER CURIAM

Defendant Judith Messineo (Messineo)[1] appeals a September 12, 2013 order granting summary judgment to plaintiff Federal National Mortgage Association (Federal National), and an August 20, 2015 final judgment foreclosing her interest in certain residential real estate. We affirm both orders.

The foreclosure complaint filed by Federal National alleged that in July 2004, Messineo executed a $93,000 note and a mortgage to First Horizon Home Loan Corporation (First Horizon). The note was endorsed in blank. The recorded mortgage was assigned in June 2010 to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for First Horizon. It was assigned again in May 2011 by MERS to Federal National and recorded. Messineo denied execution of the note and mortgage in her answer.

---

[1] While there are other defendants listed in the foreclosure complaint, our opinion references Messineo because she is the only party who has appealed.

A-0979-15T3

Messineo defaulted on the note in December 2010. On December 26, 2012, Seterus, Inc. (Seterus), the servicer of the mortgage loan, sent Messineo a Notice of Intention to Foreclosure (NOI). The NOI identified Federal National as the owner of the loan and holder of the mortgage. Although the NOI advised Messineo of the amount needed to cure the default and her right to do so, the default was not cured.

Federal National filed a foreclosure complaint against Messineo and various judgment creditors on March 7, 2013. Messineo filed an answer with twenty—one affirmative defenses.

Federal National and Messineo exchanged interrogatories. Federal National responded to the interrogatories Messineo served.[2] However, by July 31, 2013, when Messineo had not served answers to the interrogatories or notice to produce documents that Federal National had propounded on May 30, 2013, Messineo filed a motion returnable on September 12, 2013 to extend the time for discovery, requesting ninety days to respond. Messineo contended she was not able to provide answers or obtain documents within the

---

[2] Messineo objects on appeal to the answers provided by Federal National but did not file a motion before the trial court asking for more specific answers. See R. 4:17-5(c). Generally, we do not consider issues that were not raised before the trial court. Nieder v. Royal Indemn. Ins. Co., 62 N.J. 229, 234 (1973) (citations omitted). We see no reason to vary from that rule here.

time provided because she was representing herself, was elderly and was taking various medications. She also contended she was unable to locate documents because the house had been damaged by Hurricane Sandy in 2012 and was being repaired.[3]

Messineo's motion included her answers to a Demand for Admissions (Admissions) propounded by Federal National. She denied executing the note or mortgage, and denied being in default. For each response, Messineo asserted that she "qualified for modification under Federal Law which was improperly denied by Plaintiff, in addition to other affirmative defenses set forth in the Answer."

Federal National opposed the requested extension of time. It contended Messineo had not shown an extension to answer discovery "will supply her with the elements needed for her defense."

---

[3] When the foreclosure complaint was filed, the U.S. Department of Housing and Urban Development (HUD) had a moratorium in effect preventing Federal National from foreclosing on homes in areas declared by President Obama to be impacted by the disaster. Press Release, HUD No. 12-166, HUD Sec'y Announces Foreclosure Prot. for N.J. Storm Victims (Oct. 30, 2012), https://portal.hud.gov/hudportal/HUD?src=/press/press_releases_media_advisories/2012/HUDNo.12-166. The moratorium went into effect on October 30, 2012 and was to last ninety days, but was later extended through April 30, 2013. HUD, Mortgagee Letter 2013-06 (Jan. 31, 2013), https://portal.hud.gov/hudportal/documents/huddoc?id=13-06ml.pdf. However, Warren County, where Messineo's home was located, was not deemed to be in the region impacted by the superstorm, and was therefore not protected by the moratorium. See HUD No. 12-166, supra.

Federal National also filed a cross-motion for summary judgment on July 30, 2013 supported by a certification from a representative of Seterus. The certification alleged Federal National was the "holder of a certain Note [and mortgage] executed by [Messineo]," that she was in default of her obligations under the mortgage loan, and that a NOI was sent to her at least thirty days before filing for foreclosure. Messineo opposed the cross-motion, asserting again that she needed more time because of her age, health and condition of the property. She opposed the summary judgment motion by claiming that Federal National did not have standing, and by generally referencing her affirmative defenses. She did not assert that she was a participant in a trial modification program.

On the September 12 return date of the motion and cross-motion, Messineo failed to appear. The trial court decided the motions on the papers submitted. By order dated September 12, 2013, the court denied Messineo's request to enlarge the time for her to answer discovery and granted summary judgment to Federal National, striking Messineo's answer and affirmative defenses.

The court found that Messineo executed a note and mortgage and then defaulted. Under the loan documents, Federal National could accelerate the debt. The court found the NOI was sent to Messineo more than thirty days before the foreclosure suit was

 A-0979-15T3

filed. It found that the obligation and the mortgage were assigned to Federal National before the complaint was filed. In rejecting Messineo's request to extend her time to answer discovery, the judge found that she did not meet her burden of "demonstrating with some degree of particularity the likelihood that discovery will supply her with the elements needed for her defense." Moreover, in the time she had waited to file the motion, she "could have acquired most, if not all, of the necessary documents to comply with [Federal National's] discovery requests." As such, the court found Messineo had not shown "good cause" under Rule 4:17-4(b).

The court found Federal National had demonstrated the prima facie elements of foreclosure. Federal National produced proof that the mortgage was recorded and, although Messineo did not admit to executing the mortgage loan, the court found the note and mortgage appeared "to be validly executed, [Messineo] had defaulted on those obligations, and the notes explicitly assert[ed] Plaintiff's right to the mortgaged premises." The court rejected Messineo's argument that Federal National lacked standing to pursue the foreclosure action, finding "where there is an endorsement in blank (as existed here), New Jersey law has deemed physical possession sufficient to enforce the note." The court rejected defendant's affirmative defenses because she did

"not discuss any factual details behind [them] that would give rise to a genuine issue of material fact."

We denied without prejudice Messineo's request to appeal the September 12, 2013 order on an interlocutory basis. Thereafter, Messineo opposed Federal National's motion for entry of a final judgment of foreclosure. Her opposition raised the same arguments that were rejected on summary judgment and did not challenge the amount due on the loan. See Rule 4:64-1(c). A final judgment of foreclosure was entered on August 20, 2015. We granted Messineo's request to appeal out of time.

On appeal, Messineo contends the trial court erred by denying her request for more time to answer discovery, by then entering summary judgment and striking her affirmative defenses, and by entering a final judgment of foreclosure. We find no merit to any of these issues.

We review the trial court's discovery order under an abuse of discretion standard. State in Interest of A.B., 219 N.J. 542, 554 (2014). We "defer to a trial court's resolution of a discovery matter, provided its determination is not so wide of the mark or is not 'based on a mistaken understanding of the applicable law.'" Ibid. (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). An abuse of discretion "arises when a decision is made without rational explanation, inexplicably departed from

established policies, or rested on an impermissible basis." <u>Flaqq v. Essex Cty. Prosecutor</u>, 171 <u>N.J.</u> 561, 571 (2002) (citation and internal quotation marks omitted).

The trial court did not abuse its discretion in denying Messineo's request for more time to answer the discovery propounded upon her. Messineo did not suggest to the judge "with any specificity the nature of the information [she] still hoped to elicit." <u>Auster v. Kinoian</u>, 153 <u>N.J. Super.</u> 52, 55 (App. Div. 1977). She did not articulate any "factual theory" that would constitute a defense to the foreclosure action. <u>See</u> <u>ibid.</u> On this record, we discern no error by the trial court in the exercise of its discretion.

Federal National's cross-motion for summary judgment was not germane to Messineo's discovery motion because it did not relate to the subject matter of the original motion. <u>R.</u> 1:6-3(b). However, because the cross-motion was returnable more than twenty-eight days after it was filed, <u>see</u> <u>Rule</u> 4:46-1, we discern no procedural error by the trial judge in hearing and deciding the cross-motion at the same time as the discovery motion.

We review a summary judgment decision de novo, which means that we apply the same standards used by the trial judge. <u>W.J.A. v. D.A.</u>, 210 <u>N.J.</u> 229, 237 (2012). The question is whether the evidence, "when viewed in the light most favorable to the non-

moving party," raises genuinely disputed issues of fact sufficient to warrant resolution by the trier of fact, or whether "the evidence 'is so one-sided that one party must prevail as a matter of law.'" Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202, 212 (1986)). Applying this standard, there was no error in granting summary judgment.

In a foreclosure matter, a party seeking to establish its right to foreclose on the mortgage must generally "own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)); Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010) (citations omitted). In Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012), we held that "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing," thereby reaffirming our earlier holding in Mitchell, supra, 422 N.J. Super. at 216.

We agree with the trial court that Messineo failed to raise any genuine issues of fact about the execution of the note and mortgage. In her brief on appeal, Messineo contends that she was eligible for a modification of the mortgage and submitted

information to Seterus that she qualified for a modification. Moreover, in her appendix she submitted a request to Seterus to "payoff the current mortgage" though a reverse mortgage. Her answers to the Admissions asserted she was qualified for a modification but was improperly denied. All of these representations were inconsistent with her earlier denial of the mortgage and note.

The trial court was correct to reject Messineo's counterclaim that Federal National lacked standing. The representative of Seterus certified the mortgage was assigned in May 2011 prior to the filing of the foreclosure complaint in March 2013. Under N.J.S.A. 46:9-9, "[a]ll mortgages on real estate in this State . . . shall be assignable at law by writing . . . and any such assignment shall pass and convey the estate of the assignor in the mortgaged premises . . . ." Moreover, "[g]iven that the mortgage was properly recorded and appears facially valid, under New Jersey law there is a presumption as to its validity, and the burden of proof as to any invalidity is on the party making such an argument." In re S.T.G. Enters., Inc., 24 B.R. 173, 176 (Bankr. D.N.J. Nov. 3, 1982) (citations omitted). Messineo has not attempted to overcome this presumption. By virtue of the assignment of the mortgage, which predated the filing of the

10                                                                    A-0979-15T3

foreclosure complaint, Federal National clearly had standing to foreclose pursuant to Angeles.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgage premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993) (citations omitted).  We agree with the trial judge that Messineo did not raise genuine issues of fact about the mortgage or assignments, the application of this mortgage to the residential property, her default or the affirmative defenses.  Therefore, we agree with the trial judge that Messineo raised no genuine dispute of material fact that required the matter to proceed to trial, and, therefore the judge did not err by granting summary judgment and striking her affirmative defenses.

Once Messineo's answer and affirmative defenses were stricken, the case proceeded as an uncontested action.  See R. 4:64-1(c) ("An action to foreclose a mortgage . . . shall be deemed uncontested if, as to all defendants, . . . all the contesting pleadings have been stricken or otherwise rendered noncontesting.").  She then failed to assert any objection to the amount due, see Rule 4:64-1(d)(3), which cleared the way for entry of the final judgment of foreclosure.

Any further contentions made by Messineo are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0979-15T3