**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4936-16T3

U.S. BANK NATIONAL ASSOCIATION,
as Trustee, Successor in Interest
to Wachovia Bank, National
Association, as Trustee for Wells
Fargo Asset Securities Corporation,
Mortgage Pass-Through Certificates,
Series 2005-AR14,

      Plaintiff-Respondent,

v.

ARTHUR ROSENBERG and ILENE
ROSENBERG,

      Defendants-Appellants,

and

WELLS FARGO BANK, NATIONAL
ASSOCIATION, as Trustee for Certificate
Holders of Saco I Inc., Mortgage Pass-Through
Certificates, Series 2005-2,

      Defendant.

_____

Submitted September 26, 2018 – Decided October 3, 2018

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-042671-13.

Arthur M. Rosenberg, appellant pro se.

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner and Laura K. Conroy, on the brief).

PER CURIAM

Defendants Arthur and Ilene Rosenberg appeal from an order granting plaintiff summary judgment and striking defendants' pleadings. Defendants also appeal from a final judgment of foreclosure. We affirm.

The following facts are taken from the record. In 2005, defendants obtained a $580,000 loan from Wells Fargo Bank, NA and executed a note secured by their home in Livingston. The mortgage was thereafter recorded, the note was then delivered and formally assigned to plaintiff. Defendants ceased paying the mortgage in April 2011. Plaintiff filed a foreclosure complaint in November 2013, but the complaint was dismissed without prejudice in May 2014, because plaintiff had not complied with discovery. Plaintiff's counsel had filed for bankruptcy, forcing plaintiff to seek new counsel who filed a motion to reinstate the complaint in May 2016. Plaintiff's motion was granted.

A-4936-16T3

Plaintiff moved to amend the complaint to include a new junior lien holder for a subordinate mortgage. The junior lien holder was served with the amended complaint.

Plaintiff then filed a motion for summary judgment and defendants cross-moved to compel discovery. Plaintiff's motion was granted, defendants' pleadings were stricken, and default was entered on January 26, 2017. The final judgment of foreclosure was subsequently entered on June 8, 2017.

On appeal, defendants assert plaintiff lacked standing because it failed to prove possession of the note. Defendants argue plaintiff did not prove it served a junior lien holder. Defendants argue the court also erred when it reinstated plaintiff's foreclosure complaint and improperly denied defendants' motion to compel discovery.

Our review of an order granting summary judgment is de novo. Graziano v. Grant, 326 N.J. Super. 328, 338 (App. Div. 1999). "[W]e review the trial court's grant of summary judgment . . . under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). The court considers all of the evidence submitted "in the light most favorable to the non-moving party," and determines if the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life

Ins. Co. of Am., 142 N.J. 520, 540 (1995). The court may not weigh the evidence and determine the truth of the matter. Ibid. If the evidence presented "show[s] that there is no real material issue, then summary judgment should be granted." Walker v. Atl. Chrysler Plymouth, Inc., 216 N.J. Super. 255, 258 (App. Div. 1987) (citing Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954)). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome [summary judgment]." Puder v. Buechel, 183 N.J. 428, 440-41 (2005).

The right to foreclose arises upon proof of execution, recording of a mortgage and note, and default on payment of the note. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Standing to foreclose derives from N.J.S.A. 12A:3-301, which states:

> "Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A:3-309 or subsection d. of 12A:3-418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

We have stated, standing may be established through "either possession of the note or an assignment of the mortgage that predated the original complaint."

4

Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

The record here demonstrates plaintiff had standing to foreclose. Plaintiff offered the certification of Caroline K. Courtney, Vice President of Loan Documentation of plaintiff's servicing agent, which proved the mortgage was assigned to plaintiff before the complaint for foreclosure was filed. Courtney's certification proved plaintiff held the note before the filing date of the complaint. Her certification also established the mortgage was recorded before plaintiff filed its complaint. For these reasons, we reject defendant's argument plaintiff lacked standing.

Additionally, defendants' claim plaintiff had not served the junior lien holder lacks merit. The record bears an affidavit of service upon the junior lien holder's agent dated February 13, 2017.

We also reject defendants' argument the trial court erred when it reinstated plaintiff's complaint. Motions to reinstate are viewed "with great liberality." Ghandi v. Cespedes, 390 N.J. Super. 193, 197 (App. Div. 2007). We review such determinations for an abuse of discretion. Id. at 196.

Rule 4:64-8 states:

> [W]hen a foreclosure matter has been pending for
> twelve months without any required action having been

taken therein, the Clerk of the Superior Court shall issue written notice to the parties advising that the matter as to any or all defendants will be dismissed without prejudice 30 days following the date of the notice unless . . . an affidavit or certification has been filed with the Clerk of the Superior Court asserting that the failure of filing or taking the next required action is due to exceptional circumstances.  If the plaintiff fails to respond as herein prescribed, the court shall enter an order of dismissal without prejudice as to any named party defendant who has not been served or has not answered and shall furnish the plaintiff with a copy thereof.  Reinstatement of the matter after dismissal may be permitted only on motion for good cause shown.

Here, there was good cause to reinstate plaintiff's complaint.  Indeed, the delay in prosecuting the foreclosure was occasioned by the bankruptcy of plaintiff's counsel, which required new counsel to be retained and learn the case before seeking re-instatement.  Plaintiff was not the cause for the dismissal of its complaint.  The trial court did not abuse its discretion to reinstate plaintiff's complaint.

Finally, we reject defendants' argument they were deprived of discovery.  As a general proposition, "summary judgment is inappropriate prior to the completion of discovery."  Wellington v. Estate of Wellington, 359 N.J. Super. 484, 496 (App. Div. 2003).  However,

[a] party challenging a motion for summary judgment on grounds that discovery is as yet incomplete must show that "there is a likelihood that further discovery

6

would supply . . . necessary information" to establish a missing element in the case. The party must show, with some specificity, the nature of the discovery sought and its materiality to the issues at hand.

[Mohamed v. Iglesia Evangelica Oasis De Salvacion, 424 N.J. Super. 489, 498 (App. Div. 2012) (alteration in original) (citations omitted).]

See also Auster v. Kinoian, 153 N.J. Super. 52, 56 (App. Div. 1977) (explaining a party raising an incomplete discovery defense has "an obligation to demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action").

Here, defendants pled a defense grounded in the alleged lack of service on the junior lien holder. However, the discovery defendants sought was broad and unrelated to their pleadings. Specifically, they sought discovery relating to plaintiff's standing, assignment and possession of the note, the loan origination file, the identity of the parties who collected defendants' mortgage payments, title insurance documents, and the mortgage interest rate calculation. Our review of the record demonstrates this information was either already contained in plaintiff's proofs, or immaterial to whether plaintiff was entitled to a foreclosure judgment. The trial court's decision to deny defendants' motion to compel discovery was not an abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4936-16T3