153 N.J. Super. 52 (1977)
378 A.2d 1171
FRANCES AUSTER AND MURRAY AUSTER, PLAINTIFFS-APPELLANTS,
v.
HELEN KINOIAN, WALTER POWELL, INDIVIDUALLY AND TRADING AS GOLDEN EAGLE ANTIQUES AND POWELL LINDEN CORP., A CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1977.
Decided September 26, 1977.
*54 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. William J. Wolf argued the cause for appellants (Messrs. Bathgate & Wegener, attorneys; Mr. Peter H. Wegener on the brief).
Mr. Antranig Aslanian, Jr. argued the cause for respondent Helen Kinoian (Messrs. Gigante & Aslanian, attorneys).
Mr. Richard P. Cushing argued the cause for respondent Powell Linden Corp. (Messrs. Methfessel & Werbel, attorneys).
The opinion of the court was delivered by PRESSLER, J.A.D.
Plaintiffs appeal from a summary judgment dismissing their negligence complaint against the owner and lessee of the retail premises which abut the public sidewalk upon which plaintiff Frances Auster fell, sustaining the injury which is the gravamen of this action.
We are in full accord with the trial judge's holding that the record before him failed to present any fact or *55 inference which could reasonably have supported a conclusion that the fall was caused either by a defect in the sidewalk's construction or design attributable to either defendant or a specified predecessor in title, or by a defect resulting from the special use of the premises by either defendant. That being so, defendants were entitled to judgment as a matter of law. Yanhko v. Fane, 70 N.J. 528 (1976); Davis v. Pecorino, 69 N.J. 1 (1975). Plaintiffs do not really quarrel with that holding. Their appeal is predicated rather on their contention that the trial judge abused his discretion in not affording them the opportunity to engage in further discovery. We are constrained to disagree.
Defendants' summary judgment motions were argued on August 13, 1976, eight months after service of the complaint and three months after the expiration of the time prescribed by R. 4:24-1 for completion of discovery. The only discovery which had been engaged in up to that time was the propounding of interrogatories by defendant-landlord, answered in due course by plaintiffs. Defendant-landlord had also served plaintiffs with a notice for the taking of their depositions, which had, however, been adjourned from time to time and were still pending when the summary judgment motions were heard. Plaintiffs at that time, without suggesting with any specificity the nature of the information they still hoped to elicit and indeed without suggesting the existence of any factual theory which would bring their action within the area of liability defined by Yanhko, simply requested a continuance of the motions in order to permit their depositions to be taken and to enable them to depose defendants. Nor had they, at the time the motions were argued or at any time thereafter, responded by affidavit or certification to an affidavit filed by defendant-landlord which was highly damaging to their case in its recitation of an admission by plaintiff Frances Auster that she had fallen on a pavement made slippery by rain. It was not until after the motions were granted, but before the forms of judgment were signed, that plaintiffs sought to amend their answers to interrogatories *56 to allege the possibility that the fall had been caused by a physical defect in the sidewalk attributable to defendants' special use of the premises, namely, a wholly conjectural movement of goods across the sidewalk to an exterior cellar door. That theory has not, however, to this date been in any way supported by plaintiffs' independent investigation.
We are persuaded that the trial judge on these facts did not mistakenly exercise his discretion in denying the request for a continuance. While we agree that ordinarily summary judgment dismissing the complaint should not be granted until the plaintiff has had a reasonable opportunity for discovery, particularly where the facts upon which liability is predicated are peculiarly within defendant's knowledge, Bilotti v. Accurate Forming Corp., 39 N.J. 184, 206 (1963), nevertheless, plaintiff has an obligation to demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action. Here there was no attempt by plaintiffs to avail themselves of the opportunity to engage in any discovery until after their complaint was in jeopardy of being dismissed and they have failed and continue to fail to demonstrate how further discovery might rescue it.
One final matter requires comment. In granting defendants' summary judgment motions, the trial judge expressly directed that they be entered "without prejudice." Although, for the reasons we have already expressed, we regard the "without prejudice" proviso here as harmless error, nevertheless it was error. It is, of course, the whole point of the summary judgment practice to enable a party in appropriate circumstances to obtain, on motion and without plenary trial, the final adjudication of an action, in full or in part, on its merits. A summary judgment dismissing an action without prejudice constitutes a contradiction in terms and a fundamental misconception of the nature and purpose of the practice. If the matter is not ripe for final disposition when the motion is made, the trial court is not without options consistent with the summary judgment concept. R. *57 4:46-5(a) expressly permits it either to deny the motion or to "order a continuance to permit additional affidavits to be obtained, depositions to be taken or discovery to be had," or to "* * * make such other order as may be appropriate." A dismissal without prejudice, in any event meaningless here because the statute of limitations had already run, is not an appropriate other order.
Affirmed.