**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3628-17T3

JAMES JOHNSON,

     Plaintiff-Appellant,

v.

FRANK PROVENZANO,
NICHOLAS MUSCENTE,
JOHN STEMLER, and
ROBERT COULTON,

     Defendants-Respondents.

_____

Submitted April 2, 2019 – Decided April 30, 2019

Before Judges Rothstadt and Natali.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2764-17.

The Igwe Firm, attorneys for appellant (Emeka Igwe, of counsel and on the brief).

Dvorak & Associates, LLC, attorneys for respondents (Lori A. Dvorak, of counsel and on the brief).

PER CURIAM

Plaintiff James Johnson appeals from an April 9, 2018 Law Division order granting defendants Frank Provenzano, Nicholas Muscente, John Stemler and Robert Coulton summary judgment under Rule 4:46-2(c). We affirm.

I.

All four defendants are Ewing Township police officers. On August 14, 2010, a white Ford Explorer with Pennsylvania license plates backed into a vehicle in a parking lot in Ewing Township and left the scene. A witness provided the license plate number to Provenzano, but was unable to describe the driver.

After determining plaintiff was the vehicle's registered owner, Provenzano issued three summonses charging plaintiff with leaving the scene of an accident, failing to report an accident, and careless driving. According to defendants, the summonses were mailed to plaintiff's residence and required him to appear in Ewing Township municipal court on September 13, 2010.

Plaintiff, who is a Philadelphia police officer, claims he did not receive notice of the summonses until September 17, 2010, when he learned a warrant for his arrest was issued for his failure to appear. The notice was prepared by the Administrator of the Ewing Township municipal court, and stated that a

2

warrant was issued the day after the scheduled court date by Municipal Judge Roger T. Haley. The warrant contained Judge Haley's electronic signature.

Plaintiff voluntarily appeared and was arrested on September 20, 2010. Officer Nicholas Muscente handcuffed plaintiff to a bench in the police station. He was detained for one hour and twelve minutes before being released on his own recognizance.

Plaintiff appeared before Judge Haley later that day. After plaintiff explained why he failed to previously appear, the court vacated the warrant and declined to impose any sanctions. At the rescheduled hearing, plaintiff established he was not the driver, and the court dismissed all three summonses.

Plaintiff then filed a six-count complaint in the United States District Court for the District of New Jersey against Provenzano, the Ewing Township Police Department, and Ewing Township. Plaintiff alleged that his civil rights were violated when Provenzano issued the summonses "without any legal justification or probable cause" to believe plaintiff was the driver of the vehicle. He also claimed that the "warrant for failure to appear was not properly executed because he did not have notice of the summonses."

As a result of Provenzano's actions, plaintiff asserted he was subjected to a false arrest and false imprisonment, malicious prosecution or abuse of

process, negligent or intentional infliction of emotional distress, and violations of 42 U.S.C. § 1983. Plaintiff also asserted claims against Ewing Township and its police department under 42 U.S.C. § 1983 for failing to properly train, supervise, or discipline its officers, including Provenzano, and state law claims for negligent hiring, training, and supervision.

After discovery, defendants moved for summary judgment. The court granted the motion and concluded that Provenzano had probable cause to issue the summonses, and that any error in the execution of the arrest warrant was not attributable to him. As the court explained in its written opinion, plaintiff's claims against Provenzano, "stem[med] from the allegation[s] that . . . [he] lacked probable cause to issue the summonses in the first place" and that, had "Provenzano not issued the summonses, the resulting warrant would not have been executed." The court noted that "[p]laintiff further argues that the warrant for failure to appear was not properly executed because he did not have notice of the summonses." The court specifically found, however, that "[t]he arrest warrant was issued by a municipal judge," and cited Rule 7:2-2(b).

The court also determined that "the [municipal court] judge's decision -- regardless [of] whether it [was] sound -- to issue such a warrant clearly cannot

be the basis for asserting liability against Officer Provenzano." The court stated that "the error, if any, in issuing the warrant relates to the decision of the municipal judge, not Officer Provenzano," and, therefore, "[p]laintiff's factual allegation that the arrest warrant was defective cannot be the basis for his claims of false arrest and imprisonment against Officer Provenzano."

Plaintiff appealed, and the United States Court of Appeals for the Third Circuit affirmed. The Court of Appeals noted that under Rule 7:2-2(c), "[i]f a defendant who has been served with a summons fails to appear on the return date, an arrest warrant may issue pursuant to law." Thus, the court concluded:

> [i]t is irrelevant whether Johnson could be arrested simply because a vehicle he owned was involved in an accident – "[t]he simple fact of nonappearance [for his summons] provided … probable cause . . . for a bench warrant. Accordingly, probable cause existed for [plaintiff's] arrest, and there was no Fourth Amendment violation.

Plaintiff next filed a malpractice action in Pennsylvania state court against the attorneys who represented him in the federal action. During discovery, plaintiff subpoenaed the Ewing Township municipal court, attached a copy of his arrest warrant, and sought documents related to the warrant's creation and execution by Ewing Township officials and Judge Haley. In response, Dawn Gollinge, the Ewing Township Deputy Court Administrator,

produced three electronic reports pertaining to the three summonses. All three documents confirmed that a warrant was issued on September 14, 2010, and recalled by the court on September 20, 2010.

Despite receipt of these documents, and the dismissal of the federal action, on March 6, 2017, plaintiff filed a two-count complaint in the Law Division against Provenzano, Muscente, Stemler, and the Ewing Township Police Department alleging fraud and seeking punitive damages. Plaintiff asserted that "[o]n September 17, 2010, [he] received notice of a warrant as a result of the unanswered traffic summon[ses] which he never previously received or was given notice of." Plaintiff also stated that defendants provided a document that "purported to be a valid warrant during the discovery process" in the federal action, but there "was never a validly executed warrant" and the warrant produced "lacked authority because it did not contain the signature or seal of a judge or issuing authority," as plaintiff argued was required by Rule 3:2-3. Thus, according to plaintiff, "[b]ut for the fraudulent actions of [d]efendants" in providing him with a "fraudulent notice of warrant for his arrest" in September 2010, and a "purported warrant [that] lacked" a signature or seal during discovery in the federal action, "[p]laintiff would have

succeeded at trial" "and received a substantial award of damages in his federal action."

Defendants moved to dismiss the March 2017 complaint under Rule 4:6-2(e). After hearing oral arguments, the court dismissed the March 2017 complaint without prejudice. As to the warrant's authenticity, the court noted that defendants claim to have "relied on a valid municipal warrant when they arrested the plaintiff when he surrendered himself for failure to appear for traffic summonses," and that "plaintiff has not opposed this argument."

The court also explained that "plaintiff has not provided sufficient evidence showing that the warrant had been fabricated by the defendants," and concluded that "[a]ny argument that Judge Haley's signature is not on the bench warrant is a red herring." In addition, the court noted that the "automation of the court system in New Jersey has necessitated that many archaic paper-related practices fall by the wayside to allow computer-generated documents" and that "[t]he notification of a warrant and a new court date for the defendant who failed to appear for a court date is within the court rules and is a common occurrence."

Accordingly, the court rejected plaintiff's claim "that the bench warrant is an invalid warrant because the judge did not personally sign or seal the

warrant pursuant to Rule 3:2-3(a) and (b)."  The court noted that Part Three of the Court Rules "addresses criminal matters," not a "municipal bench warrant for failure to appear for traffic violations," which the court explained was governed by "Part [Seven] of the Court Rules."  Further, the court stated that "Judge Haley opted to issue a bench warrant when the plaintiff . . . failed to appear for the traffic violations, and he issued a warrant with an electronic signature as permitted by the applicable court rules."  The court also explained that "[t]he bench warrant the plaintiff attaches to his complaint clearly states that the warrant was issued for his failure to appear, and it bears electronic signature of the issuing judge."

In addition, the court concluded that both the entire controversy and collateral estoppel doctrines supported dismissal of the complaint.  The court found "the issue as to whether or not the bench warrant was defective and its impact on the conduct of the individual officers or the policy of department has been addressed by this [c]ourt and the federal courts," and concluded that "[w]hether or not it was pled" in the federal action, "it would have been dismissed."  With respect to collateral estoppel, the court "acknowledge[d] that the municipal bench warrant was valid and that the [c]ourt is bound by the

decisions of the District Court and the Court of Appeals," and "reiterate[d] the defendants are not liable for the action or inaction of the municipal court." [1]

The dismissal was without prejudice. Neither the court's oral decision, nor its attendant July 10, 2017 order, however, contained any further directions as to when any amended pleading should be filed.

Rather than filing an amended complaint, moving for reconsideration or for interlocutory review, plaintiff filed a nearly identical two-count complaint against Provenzano, Muscente, Stemler, and Coulton, which again alleged fraud and sought punitive damages, in December 2017. This is the matter now before us.

The complaint alleged that "the purported bench warrant was a forgery and was never authorized to be issued by a [m]unicipal [j]udge or any other judicial official." Plaintiff claimed that he had "further evidence that clearly

---

[1] The court also rejected plaintiff's common-law fraud claim as improperly pleaded. Further, the court concluded that because "the conduct of the officers versus the municipal court has been heard and adjudicated" in the federal action, there was "no wrongdoing on the part of the individual officer defendants that merit piercing the immunities afforded to them by the Tort Claims Act." Finally, with respect to his punitive damages claim, the court found "that the plaintiff has failed to sufficiently allege any of the defendants' purported misconduct was committed intentionally, knowingly, willingly, wantonly and in disregard for the rights of others and in reckless indifference to the plaintiff's rights, or that it shocked the conscious of the community."

shows that there is no document or other proof within the Ewing Township Court Administration records showing that a [m]unicipal judge or any other judicial official authorized or directed the issuance of a bench warrant against [p]laintiff." According to plaintiff, defendants "had full knowledge" of the forgery and they, "not the Ewing Township municipal court, were directly responsible for creating and/or issuing the fraudulent bench warrant against [him]."

Defendants moved for summary judgment under Rule 4:46-2(c), and submitted the certification of Maryann Convenio, the Administrator of the Ewing Township municipal court, in support. Convenio certified that she was presented with the three underlying traffic summonses "and [was] asked to research the [c]ourt history of these summonses." She attested that she "attempted to review the hard copies of records for these summonses," but they "were disposed of on or about December 12, 2015[,] in accordance with Directive #3-01 of the Judiciary State of New Jersey Records Retention Schedule for Municipal Court dated March 16, 2001." The certification further provided that the warrant in question was in fact issued on September 14, 2010. She attached the warrant, scanned copies of the underlying traffic tickets and several court records to her certification, which defendants filed in

support of their motion. In opposing the motion, plaintiff relied on two expert reports authored by Jack Meyerson, Esquire, prepared in connection with plaintiff's Pennsylvania malpractice action and an undated expert report authored by Arthur Stone, a former "recruit in the Philadelphia Police Academy." Plaintiff also relied on the documents produced by Deputy Court Administrator Dawn Gollinge. Finally, plaintiff maintained summary judgment was premature as he had not had the opportunity to conduct discovery.

At oral argument, plaintiff requested the opportunity to depose Convenio "for limited discovery purposes," specifically, "only to really inquire, so that the [c]ourt has all the correct information before [it] before the [c]ourt makes a decision." The court granted defendants' motion and dismissed plaintiff's complaint with prejudice. In its oral opinion, the court stated:

> In this case the sole legal issue advanced by the plaintiff is this issue concerning the validity of the warrant. Initially, I must say I thought this case was more about considerations of the law of the case doctrine, but as I heard you all today it has become more clear that it is really about whether or not there is a genuine issue of material fact, and I find that there isn't. I find that the defendants are entitled to judgment as a matter of law.
>
> What the [c]ourt is confronted with is the arguments that a warrant, that the [c]ourt has been provided with,

11

whether that warrant is, in fact, valid, and the [c]ourt has a certification from . . . the municipal court administrator of the Township of Ewing that certifies that that document is, in fact, what it purports to be. I will take judicial notice of the warrant and dismiss the case, finding that there is no issue, no material issue of fact here and that the movant, the officers are entitled to judgment as a matter of law.

Plaintiff appeals, arguing that summary judgment was improvidently granted because whether defendants are "responsible for issuing a fraudulent warrant" is "a proper for question of fact for a jury". He also argues that he never had the opportunity to depose the Court Administrator or to seek other discovery in order to properly defend against the motion.

We reject plaintiff's arguments. "[T]he essence of the inquiry," on such applications, to which we apply de novo review, is whether the competent evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)); see also R. 4:46-2(c). No rational factfinder could conclude that the warrant issued by Judge Haley was a forgery, or that defendants had any role in its issuance.

First, we note that the trial judge was aware of the federal court finding that "[t]he arrest warrant was issued by a municipal judge" and the factual and

12

legal conclusions made by the court when dismissing the March 2017 complaint. Second, the court had before it the documents produced to plaintiff during the course of his federal and multi-state litigations, establishing, beyond peradventure, that a warrant bearing Judge Haley's electronic signature was issued on September 14, 2010 and recalled on September 20, 2010, as a result of plaintiff's failure to appear. In fact, defendant actually appeared in court the day of his arrest resulting in Judge Haley himself dismissing the very warrant that plaintiff maintains was fraudulently created. Plaintiff failed to offer any competent evidence when opposing defendants' motion to dispute these facts. Thus, we reject as meritless plaintiff's contention that whether defendants are "responsible for issuing a fraudulent warrant" is "a proper for question of fact for a jury."

We also find without merit plaintiff's claim that his expert reports created a factual question sufficient to defeat summary judgment. As noted, plaintiff presented three expert reports in attempting to create a factual question sufficient to defeat summary judgment. Those reports, however, presented only "net opinions" and were speculative because they were "based on unfounded facts." Mandel v. UBS/PaineWebber, Inc., 373 N.J. Super. 55, 72 (App. Div. 2004). The first report authored by Jack Meyerson was

13                                                                      A-3628-17T3

anchored to an unsupported "assum[ption] that there was never a valid arrest warrant" and that the copy turned over in discovery "was a forgery." In his second report, Meyerson also claimed a familiarity with our Court Rules and asserted that the rules requires that a judge must direct the warrant's issuance. But this report provided no factual basis to question whether the municipal judge actually issued the warrant that led to plaintiff's arrest, nor did it support the speculative theory that the municipal judge's electronic signature was a forgery.

The third report prepared by Arthur Stone suffers from similar infirmities. That report opines in conclusory fashion that after Ewing Township police officers learned plaintiff was not driving the vehicle at the time of the accident, "an employee of the Ewing Township Police Department fabricated a warrant for [plaintiff's] arrest." To support that conclusion, the expert relied solely on an undated, uncertified document, purportedly from the National Crime Information Center database, that does not identify plaintiff's arrest or the issuance of the bench warrant. Thus, Convenio's recitation of the actual facts was left unrebutted.

We also reject plaintiff's claim that the court abused its discretion in dismissing the action without permitting a deposition of Convenio or other

discovery. Although, "[g]enerally, summary judgment is inappropriate prior to the completion of discovery," see Wellington v. Estate of Wellington, 359 N.J. Super. 484, 496 (App. Div. 2003) (citing Velantzas v. Colgate-Palmolive Co., Inc., 109 N.J. 189, 193 (1988)), "a plaintiff 'has an obligation to demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action.'" Ibid. (quoting Auster v. Kinoian, 153 N.J. Super. 52, 56 (App. Div. 1977)).

As noted, plaintiff's counsel argued in the trial court that he wanted to depose Convenio "for limited discovery purposes only to really inquire, so that the [c]ourt has all the correct information before [it] before the [c]ourt makes a decision." That was an insufficient reason to delay the motion's disposition. See Auster, 153 N.J. Super. at 56.

Lastly, we observe that although not mentioned by the trial court, we are convinced that dismissal was also warranted under the entire controversy doctrine because this suit represented plaintiff's impermissible third bite at the apple. The entire controversy doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to

15

the underlying controversy." <u>Wadeer v. N.J. Mfrs. Ins. Co.</u>, 220 N.J. 591, 605 (2015). Plaintiff's allegations about the warrant – even if phrased differently in both the federal and the first Law Division actions – clearly arise from the same operative facts on which those earlier actions were based. His claims here should have been brought in the federal action.

To the extent we have not addressed any of plaintiff's remaining arguments, we deem them without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11–3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION