**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1936-19T2

WORLD INSURANCE
ASSOCIATES, LLC,

     Plaintiff-Respondent,

v.

ANDREW B. FEINMAN,

     Defendant-Appellant.

_____

Argued November 10, 2020 – Decided December 14, 2020

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3327-18.

Scott E. Reiser argued the cause for appellant (Lum, Drasco & Positan, LLC, attorneys; Scott E. Reiser and Dennis J. Smith, of counsel and on the briefs).

Christopher J. Marino argued the cause for respondent (Giordano, Halleran & Ciesla, attorneys; Christopher J. Marino, of counsel and on the brief; Peter J. Guastella, on the brief).

PER CURIAM

Defendant Andrew Feinman appeals a summary judgment entered in favor of plaintiff World Insurance Associates, LLC, arguing the trial judge erred by: (1) denying him discovery he claims was "critical to the resolution of any disputed matter"; (2) deciding the merits when there were "multiple material factual issues"; and (3) awarding World a reasonable attorneys' fee. We find no merit in these arguments and affirm, substantially for the reasons set forth by Judge Owen C. McCarthy in his written opinion.

In its complaint, World alleged it is an insurance broker in the business of procuring insurance for clients. Feinman, the owner of Staple Trucking Corp., enlisted World's assistance in procuring insurance policies in connection with Staple's operations, and in 2017, World obtained policies and arranged for Staple's payment of the premiums through financing with IPFS Corporation. To reduce Staple's initial down payment and to secure preferred financing terms for Staple's benefit, World entered into an agreement with IPFS by which World guaranteed Staple's payments to IPFS in an amount no greater than $55,180. To ensure that it would not be left holding the bag if a default occurred, World obtained from Feinman his personal guarantee to be personally liable for any payments World might be required to pay IPFS on Staple's behalf. Feinman's personal guarantee also contains a provision by which he agreed to pay World's

2

reasonable attorneys' fees should World become obligated to seek collection from Feinman. With these agreements in place, IPFS advanced premium payments on Staple's behalf.

Staple later defaulted on its obligations to IPFS under the financing agreement, and IPFS sent notice to both Staple and World of its intent to cancel the insurance policies. The notice obligated Staple to make good on its outstanding obligation by September 18, 2017, to avoid cancellation. Staple failed to honor that request, triggering World's obligation to IPFS to pay on Staple's behalf any earned but unpaid premiums.

Staple, which, on September 1, 2017, merged with another entity (Elantra Logistics, Inc.), emailed World on September 13, 2017, requesting a termination of the insurance policies effective two days later, despite the provision in the financing agreement that Staple give IPFS ten days' notice of the cancellation of any policy. On September 19, 2017, IPFS sent World and Staple notice of the cancellation of the policies World had procured on Staple's behalf as of September 23, except for the commercial auto policy that could not be effectively cancelled under federal regulations until November 1, 2017.

As a result of all these events, IPFS calculated that Staple owed IPFS $58,624.09 in earned but unpaid premium payments under the financing

agreement. Under its guarantee to IPFS, World was obligated to reimburse IPFS $55,180. On May 1, 2018, World paid that amount in response to IPFS's demand.

A few months later, World commenced this suit against Feinman for relief based on Feinman's personal guarantee. In April 2019, the trial court entered a case management order that established a December 8, 2019 discovery end date. After serving and responding to "paper" discovery, and after deposition notices were served but before depositions were taken, World moved for summary judgment. On September 11, 2019, Judge McCarthy granted the motion for reasons set forth in a written decision appended to his order. Because Feinman's personal guarantee included a stipulation that required his payment of World's collection costs, including reasonable attorneys' fees, Judge McCarthy found Feinman so obligated, and in applying the principles set forth in Rendine v. Pantzer, 141 N.J. 292 (1995), determined that Feinman was obligated to pay World's fees of $34,264.62, for a total judgment in World's favor of $89,444.62.

As noted above, in appealing, Feinman first argues that the grant of summary judgment was premature because discovery had not been completed. Depositions that were noticed did not occur, and the parties never got to the stage of exchanging expert reports, let alone deposing those experts. But

Feinman was unable to establish that any of the noticed depositions might generate or support his claim of disputed material facts.

Even if filed prior to the completion of discovery, a summary judgment motion will be ripe for disposition unless the opponent can demonstrate there is a likelihood that further discovery would supply information needed to establish a missing element in the claim or a valid defense. See Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015); Mohamed v. Iglesia Evangelica Oasis De Salvacion, 424 N.J. Super. 489, 498 (App. Div. 2012); J. Josephson, Inc. v. Crum & Forster Ins. Co., 293 N.J. Super. 170, 204 (App. Div. 1996); Auster v. Kinoian, 153 N.J. Super. 52, 56 (App. Div. 1977). We agree with Judge McCarthy's determination that Feinman failed to show that the outstanding discovery could generate factual questions about either the meaning of the contractual provisions in question or their enforcement.

In rejecting Feinman's first argument and turning to his second, we are satisfied that World promised IPFS – in unambiguous language – to reimburse IPFS what Staple did not timely pay without imposing on IPFS a preliminary duty to seek relief from Staple. In addition, World waived "all errors and omissions in connection with IPFS' administration of the guaranteed debt" absent bad faith. In turn, Feinman similarly promised to pay World all earned

premiums and other financial obligations "paid by World . . . on behalf of [Staple]" without World first having to seek relief from Staple.  World's action arises from the application of these simple, unambiguous agreements.

World was thus compelled to pay $55,180 to IPFS because of Staple's default, thereby fixing the principal sum due from Feinman to World and triggering, as well, Feinman's obligation to pay World's reasonable attorneys' fees since World was put to the trouble of enlisting counsel to enforce Feinman's guarantee.  As to this third and final aspect of the appeal, Feinman argues only[1] the presence of questions of fact about whether the agreement allowed for an award of fees in these circumstances.  We find no merit in Feinman's argument.

There is no ambiguity in the parties' fee provision.  Feinman agreed to pay "all cost of collection, including reasonable attorney fees, whether or not a law suit is commenced as part of the collection process."  In avoiding this clear obligation, Feinman argues that the court required "testimony to define the phrase 'cost of collection'" as it appears in the agreement, and claims that it is not clear whether that phrase "applies to disbursements, to pre-judgment collection costs, to post-judgment collection costs or to any combination"

---

[1]  In his merits brief, Feinman states that he "does not object to the trial court's substantive analysis of [World's] fee application, or the amount by which the trial court reduced [World's] claim fees."

A-1936-19T2

thereof. The clause in question is not ambiguous because it cannot be plausibly interpreted as including anything less than all those things. See Nester v. O'Donnell, 301 N.J. Super. 198, 210-11 (App. Div. 1997) (recognizing that contract ambiguity is a question of law determined by whether the contract is "susceptible to at least two reasonable alternative interpretations").

The clause in question certainly applies to pre-suit efforts, since it obligates Feinman to bear World's reasonable fees "whether or not a law suit is commenced." We see no reason, and none is offered, why the broad terms included in this provision would not include whatever pains World has been – or will be – put in seeking full reimbursement, subject only to the requirement that those costs be "reasonable."

To the extent we have not specifically referred to every argument contained in Feinman's lengthy written submissions, we find any such additional arguments to lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1936-19T2