**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1138-22

BANK OF AMERICA, N.A.,

    Plaintiff-Respondent,

v.

MARIYA Y. SHARNOVA
and ALEKSEY M. SHARNOVA,

    Defendants-Appellants.

_____

        Submitted January 9, 2024 – Decided March 11, 2024

        Before Judges Whipple and Paganelli.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0123-22.

        Huizenga Law Offices, attorneys for appellants (Richard George Huizenga and William Julius Popovich, on the briefs).

        Michael E. Blaine (Winston and Strawn LLP), attorney for respondent.

PER CURIAM

Defendants appeal from the December 2, 2022 orders granting plaintiff summary judgment and denying their cross-motion for summary judgment. We affirm.

We glean the facts from the motion record. In 2007, plaintiff and defendants executed a Maximizer Agreement and Disclosure Statement (Agreement) that governed defendants' Home Equity Line of Credit Account (HELOC) with plaintiff. The Agreement was secured by a mortgage. Defendants drew down on the HELOC and made regular payments. However, defendants failed to make any payment after February 2017. In August 2017, plaintiff filed a complaint in foreclosure. The foreclosure matter was voluntarily dismissed. Plaintiff charged off the remaining loan balance and the balance remains outstanding. Plaintiff initiated this breach of contract action to collect the balance.

In an oral opinion, the judge noted defendants' "candor" in acknowledging they executed the 2007 Agreement. He compared the Agreement attached to plaintiff's complaint and another copy used to support plaintiff's motion. He found the documents were the same, with the summary judgment document being "more legible." The judge rejected defendants' contention the document offered to support the motion was "fraudulent."

2

Moreover, he found the document supporting the motion set forth the terms and the parties' obligation. The judge determined defendants' affidavit was "self-serving." He rejected defendants' argument that a prior foreclosure action "forever preclude[d] any attempt [to sue] for a breach of contract." Determining the court's "role" was to enforce the contract, he granted plaintiff summary judgment and denied defendants' cross-motion for summary judgment.

I.

Defendants contend the judge erred:

THE TRIAL COURT . . . FAILED TO APPLY PRINCIPLES OF JUDICIAL ESTOPPEL AND BAR RESPONDENT FROM ARGUING THAT ANY DOCUMENT OTHER THAN THE ILLEGIBLE COPY ATTACHED TO THE COMPLAINT IS IN FACT THE ACTUAL NOTE BETWEEN THE PARTIES.

CUMULATIVELY, THE TRIAL COURT ERRED IN CONSIDERING THE SUBSTANCE OF THE SEPTEMBER 7, 2022 AFFIDAVIT OF UNDISCLOSED WITNESS DESTANE WILLIAMS.

THE TRIAL COURT ERRED IN GRANTING [PLAINTIFF'S] MOTION FOR SUMMARY JUDGMENT AND IN DENYING [DEFENDANTS'] CROSS-MOTION FOR SUMMARY JUDGMENT BECAUSE [PLAINTIFF] CAN NOT EVEN PROVE THE THRESHOLD EXISTENCE OF AN ENFORCEABLE CONTRACT.

3

In asserting judicial estoppel, defendants argue plaintiff "attached a very specific document [to] their [c]omplaint alleging that the document was the [Agreement] and . . . they are now judicially estopped from claiming [the] new different fraudulent document is instead the [Agreement] because [plaintiff] asserted in prior litigation that the unreadable version . . . was the only copy of the [Agreement]."

Further, defendants contend it was inappropriate to allow plaintiff to support the motion for summary judgment with the affidavit of Destane Williams (Williams). Defendants aver Williams "was never named or previously identified as a witness or person with relevant information, nor has [plaintiff] amended their answers to interrogatories by adding this person's name." Defendants note "nothing is known about this witness or their veracity of the truth. Indeed, it is not even known whether this witness is a man, a woman." Defendants argue the judge committed reversible error in denying their request for "time to depose th[e] witness" so Williams could "explain under oath exactly where th[e] document lost years earlier . . . was 'suddenly found'. . . ."

Lastly, defendants contend "[p]laintiff cannot sue to collect the contract [which] as a practical matter simply does not exist." Defendants aver plaintiff

4

does "not have an original of the" Agreement; "the only copy is illegible"; and plaintiff failed to present a "proponent" to "satisfy the requirement of authenticating or identifying" the new Agreement, citing N.J.R.E. 901. Defendants note, "[a]s a precondition to admission, a witness who has no real firsthand knowledge of the original lost or destroyed document must be produced and must be subject to cross-examination on the issue."

## II.

We review a ruling on a motion for summary judgment de novo, applying the same standard governing the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). Thus, we consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995). If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted). We review issues of law de novo and accord no deference to the trial judge's legal conclusions. Nicholas v.

5

Mynster, 213 N.J. 463, 478 (2013). "The factual findings of a trial court are reviewed with substantial deference on appeal, and are not overturned if they are supported by 'adequate, substantial and credible evidence.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (quoting Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 293 (2001)).

This standard compels the grant of summary judgment:

> if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.
>
> [R. 4:46-2(c).]

"Under that standard, once the moving party presents sufficient evidence in support of the motion, the opposing party must 'demonstrate by competent evidential material that a genuine issue of fact exists[.]'" Globe Motor Co. v. Igdalev, 225 N.J. 469, 479-80 (2016) (alteration in the original) (quoting Robbins v. Jersey City, 23 N.J. 229, 241 (1957)). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome the

6

motion." Puder v. Buechel, 183 N.J. 428, 440-41 (2005) (citations omitted). More is required than a "mere denial." Mangual v. Berezinsky, 428 N.J. Super. 299, 313 (App. Div. 2012).

## A.

Defendants' reliance on judicial estoppel is misplaced. "The doctrine of judicial estoppel is well entrenched in New Jersey's jurisprudence." Newell v. Hudson, 376 N.J. Super. 29, 38 (App. Div. 2005). "It is 'an equitable doctrine precluding a party from asserting a position in a case that contradicts or is inconsistent with a position previously asserted by the party in the case or a related legal proceeding.'" Ibid. (quoting Tamburelli Props. v. Cresskill, 308 N.J. Super. 326, 335 (App. Div. 1998)). "[T]he doctrine is not invoked unless a court has accepted the previously advanced inconsistent position and the party advancing the inconsistent position prevails in the earlier litigation." Bhagat v. Bhagat, 217 N.J. 22, 37 (2014). "Stated differently, the doctrine does not apply when the matter settles prior to judgment because no court has accepted the position advanced in the earlier litigation." Ibid.

"Th[e] doctrine is intended to protect the integrity of the judicial system and is designed to prevent litigants from 'playing fast and loose with the

A-1138-22

courts.'" Newell, 376 N.J. Super. at 38 (citing Tamburelli Props., 308 N.J. Super. at 335 (quoting Scarano v. Central R.R., 203 F.2d 510, 513 (1953))).

"Judicial estoppel is an extraordinary remedy." Bhagat, 217 N.J. at 37. "It should be invoked only to prevent a miscarriage of justice." Ibid. "Whether an issue is precluded based upon prior litigation is a question of law . . . ." Gannon v. Am. Home Prods., Inc., 414 N.J. Super. 507, 523 (App. Div. 2010).

Here, we conclude the doctrine is misplaced because the prior matter never proceeded to final judgment. Moreover, plaintiff's position has not changed, it has consistently sought the enforcement of the note. The only change is plaintiff offered a more legible copy of the note in support of its motion for summary judgment.

## B.

Defendants contend the affidavit of Williams should not have been relied upon by the judge because Williams was unknown, and never named in discovery. Moreover, the judge committed reversible error in denying their request for "time to depose" Williams so Williams "c[ould] explain under oath exactly where this document lost years earlier . . . was 'suddenly found' . . . ."

8

In response, plaintiff notes that defendants offered "no authority for the proposition that a corporate representative who executes a business records affidavit must be disclosed as a person with knowledge of relevant facts in discovery." Plaintiff argues Williams was "duly authorized" to execute the affidavit as its "officer" who was "familiar with [its] business records and the manner and method in which they are maintained." Since Williams "was testifying in the capacity as an officer . . . and not in her individual capacity, [plaintiff] was not required to disclose her in discovery as a person who had information relevant to this action."

We need not reach the issue of whether Williams, an officer of plaintiff, should have been disclosed or could have been compelled to a deposition. Instead, we determine summary judgment was ripe because defendants' stated concerns, where or how the more legible document was found, are not relevant to the elements of this cause of action. "A motion for summary judgment is not premature merely because discovery has not been completed, unless plaintiff is able to 'demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action.'" Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015) (quoting

Auster v. Kinoian, 153 N.J. Super. 52, 56 (App. Div. 1997)). The essential

elements of a cause of action for a breach of contract:

> first, that "the parties entered into a contract
> containing certain terms"; second, that "plaintiff[s] did
> what the contract required [them] to do"; third, that
> "defendant[s] did not do what the contract required
> [them] to do[,]" defined as a "breach of the contract";
> and fourth, that "defendant[s'] breach, or failure to do
> what the contract required, caused a loss to the
> plaintiff[s]."
>
> [Igdalev, 225 N.J. at 482. (alterations in the original)
> (quoting Model Jury Charge (Civil), § 4.10A "The
> Contract Claim—Generally" (approved May 1998)).]

Defendants' request for additional discovery, the deposition of Williams

to explain where or how the more legible document was found, does not

involve the missing element of a breach of contract claim. See Badiali, 220

N.J. at 555. Therefore, defendants' opposition to summary judgment to permit

further discovery is of no avail.

### C.

Lastly, defendants contend "[p]laintiff cannot sue to collect the contract

[which] as a practical matter simply does not exist." Defendants aver plaintiff

does "not have an original of the document"; "the only copy is illegible"; and

plaintiff failed to present a "proponent" to "satisfy the requirement of

10

authenticating or identifying" the new document as the Agreement, citing N.J.R.E. 901.

"We review the [judge's] evidentiary ruling for abuse of discretion." Investors Bank v. Torres, 243 N.J. 25, 48 (2020) (citing Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008)). N.J.R.E. 901 provides, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must present evidence sufficient to support a finding that the item is what its proponent claims."

"Our courts have long held 'it is not necessary that the proof should be conclusive but a prima facie showing that the instrument is genuine and authentic is sufficient to warrant its reception.'" Konop v. Rosen, 425 N.J. Super. 391, 411 (App. Div. 2012) (quoting In re Blau's Estate, 4 N.J. Super. 343, 351 (App. Div. 1949)).

Here, Williams executed an affidavit after being "sworn" by a notary public. In the affidavit, Williams stated they were an officer of plaintiff and duly authorized to make the affidavit. Moreover, their "scope of job responsibilities" made them "familiar with the manner and method by which [p]laintiff maintains its normal business books and records, including original loan documents . . . ." Further, the affidavit stated:

11

[plaintiff] extended a Home Equity Line of Credit to defendant(s) . . . on or about January 18, 2007. This information is corroborated by the [Agreement] which [was] kept in the ordinary course of [plaintiff]'s regular business activity and . . . attached to this Declaration. I certify that the [Agreement] attached . . . [was a] true and accurate cop[y] . . . maintained by [plaintiff] in the ordinary course of its business activity.

Williams' affidavit establishes, prima facie, the authenticity of the copy of the Agreement. Defendants have not rebutted the prima facie showing. We are satisfied the judge did not abuse their discretion in considering the Williams affidavit.

To the extent we have not addressed any of defendants' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION