**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0852-22

JUNGHI KIM,

     Plaintiff-Appellant,

v.

LOYOLA JESUIT CENTER,
LOYOLA HOUSE OF
RETREATS,[1]

     Defendant-Respondent.

_____

Submitted February 7, 2024 – Decided April 16, 2024

Before Judges Currier and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0921-21.

Law Office of Will Kang, LLC, attorneys for appellant (Woo Jung Kang, on the brief).

Biedermann Hoenig Semprevivo, PC, attorneys for respondent (Steven A. Andreacchi and Lucy M. Reynoso, on the brief).

_____

[1] Defendant asserts its proper name is Loyola House of Retreats d/b/a Loyola Jesuit Center.

PER CURIAM

Plaintiff Junghi Kim appeals from the October 4, 2022 orders granting defendant summary judgment and denying her cross-motion to amend her complaint. We affirm.

I.

We discern the following facts from the motion record. On April 28, 2019, plaintiff attended a one-day religious retreat held by the Korean Christian Life Community on defendant's premises. According to plaintiff, the retreat was organized to encourage faith in God; the day's activities included attending lectures, touring an exhibit on Saint Ignatius, prayer, and receiving blessings. Around midday, plaintiff stated she was walking down the middle of a staircase when she "somehow . . . slipped." She described stepping on a "false step" around the second-to-last or last step and that she "fell." She was not sure why she fell. Plaintiff testified she reached out to grab on to something but "there was nothing to grab."

Photographs depict the handrails on both sides of the staircase. One handrail runs the entire length of the staircase; the other extends only to the second-to-last stair. Plaintiff stated she chose to walk down the middle of the staircase and "did[ not] think about" holding onto a handrail. She did not recall

2

any problems with the carpeting on the stairs. She had walked up the stairs to get to the second floor earlier that day without any issues.

An individual attending the retreat with plaintiff was walking behind plaintiff as they descended the stairs. The witness said she held onto the handrail while walking up and down the stairs because she felt the height of each stair was "rather . . . high" and "the surface of the step[s] was rather slippery." The witness also testified she believed she saw plaintiff holding the handrail as plaintiff descended the stairs. A second individual did not see plaintiff fall but testified he attended the retreat every year and had gone up and down the steps numerous times before without any problems.

In her complaint, plaintiff alleged defendant was negligent for "allow[ing] a dangerous and hazardous condition to exist on [its] property[,] . . . which caused [p]laintiff to slip and fall" and sustain serious injuries. The court issued an initial case management order; thereafter, the parties extended the discovery deadlines by consent. Plaintiff's expert reports were due July 29, 2022, defendant's expert reports were to be served by August 31, 2022, and all expert depositions and discovery were to be completed by October 31, 2022. New counsel for plaintiff filed a substitution of attorney in June 2022. Plaintiff did not submit an expert report by July 29 or request an extension of time to do so.

A-0852-22

In July 2022, defendant moved for summary judgment, asserting plaintiff could not support her claim because defendant was immune from liability for negligence under the New Jersey Charitable Immunity Act (Act), N.J.S.A. 2A:53A-7 to -11. Defendant provided the court with a certification from its controller certifying its nonprofit religious status, its Certificate of Incorporation, a letter from the Internal Revenue Service documenting defendant's 501(c)(3) exemption status, a New Jersey ST-5 Sales and Use Tax Exempt Organization Certificate, its 2019 Annual Report, and its most recent Financial Statement Report.

Plaintiff requested an adjournment of the motion in order to submit an expert report. The motion was adjourned. Thereafter, defendant submitted an expert report which concluded the stairway was safe, properly maintained, and did not violate any applicable codes, standards, or ordinances.

On September 13, 2022, plaintiff filed opposition to defendant's summary judgment motion and a cross-motion, seeking to amend her complaint to add a claim for gross negligence.

On October 4, 2022, after hearing oral arguments on the motions, the trial court granted defendant's motion for summary judgment, and denied plaintiff's cross-motion to amend her complaint. In an oral decision, the court first

4

addressed the motion for summary judgment. The court considered defendant's organizational documents and found defendant qualified for immunity under the Act because it was "a nonprofit, religious organization" as defined by the Act, and plaintiff was a beneficiary of defendant's charitable work because she "attended the retreat . . . for spiritual development" and engaged in "precisely the types of activities that the charitable institution engages in," such as prayer and visiting the Saint Ignatius exhibit.

Because plaintiff did not respond to or oppose defendant's Statement of Material Facts, the court found it was required to accept those facts as admitted by plaintiff under Rule 4:46-2(b). The court also found plaintiff had not shown that further discovery—specifically an expert report—would change the undisputed facts in the record regarding defendant's status under the Act and plaintiff's negligence claim. Therefore, the court granted defendant summary judgment.

The court then addressed plaintiff's motion to amend her complaint to add a claim for gross negligence. Although the court acknowledged defendant's position that plaintiff's cross-motion was not the appropriate procedural response to the summary judgment motion, it nevertheless considered the application under Rule 1:1-2(a). The court found that even if plaintiff's expert

were to find defendant had committed code violations, such findings would only be evidence of potential negligence but not of gross negligence, and therefore the amendment motion was futile. In denying plaintiff's cross-motion, the trial court stated:

> But the question is how would we even -- taking all of that -- get to the next step which is gross negligence? We would need something more. And there's nothing in this record as it exists today -- putting aside what could potentially come back. There's nothing in the record that this [c]ourt can find that even constitutes negligence. There's no indication there was a problem with the stairs. There's no spillage on them. There's no tear in the stairs. There's -- there's just nothing that anyone was able to point to in this case that shows negligence for which one could even build upon through an expert to get to the status of gross negligence in the case.
>
> And since I cannot see a viable way to get to gross negligence, the [c]ourt concludes that amending the complaint to include a gross negligence count without any basis in the record as it exists today based solely on mere speculation that an expert may or may not identify a code violation or two or several. The [c]ourt just does not see how one would get to gross negligence under those circumstances.

In an order memorializing its decision, the trial court noted that plaintiff's cross-motion to amend her complaint was procedurally deficient, as she did not provide her proposed amended complaint as required under Rule 4:9-1. The

6

court stated, "This procedural deficiency is also a basis to deny the relief requested by [p]laintiff."

## II.

On appeal, plaintiff contends the trial court erred in granting defendant summary judgment because the motion was prematurely filed before the close of discovery and a trial or arbitration had not yet been scheduled; the court applied the wrong standard of summary judgment review by weighing the evidence instead of deciding whether a genuine issue of material fact was in dispute; and the court failed to relax the Rules and allow plaintiff to submit her expert report in the interest of justice. Plaintiff also contends the trial court erred in denying her cross-motion because under Rule 4:9-1, a court should allow amendments liberally.

We review the trial court's determination to grant defendant's motion for summary judgment de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Therefore, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

A-0852-22

"If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi ex rel. Est. of Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007), overruled in part on other grounds by Wilson by Manzano v. City of Jersey City, 209 N.J. 558 (2012)). We accord no deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013). We also review the trial court's determination on the Act's applicability de novo, "because an organization's right to immunity raises questions of law." Green v. Monmouth Univ., 237 N.J. 516, 529 (2019).

## III.

Plaintiff does not dispute that defendant is a nonprofit organization structured exclusively for religious purposes, or that plaintiff was a beneficiary of defendant's charitable services as defined under the Act.[2] Instead, plaintiff challenges the court's determination of the summary judgment motion prior to

---

[2] An entity qualifies for charitable immunity under the Act ""when it (1) was formed for nonprofit purposes; (2) is organized exclusively for religious, charitable[,] or educational purposes; and (3) was promoting such objectives and purposes at the time of the injury to plaintiff who was then a beneficiary of the charitable works."" Green, 237 N.J. at 530-31 (quoting Ryan v. Holy Trinity Evangelical Lutheran Church, 175 N.J. 333, 342 (2003)).

the discovery end date and not permitting plaintiff to file an untimely expert report.

Ordinarily, "summary judgment is inappropriate prior to the completion of discovery." Mohamed v. Iglesia Evangelica Oasis De Salvacion, 424 N.J. Super. 489, 498 (App. Div. 2012) (quoting Wellington v. Est. of Wellington, 359 N.J. Super. 484, 496 (App. Div. 2003)). However, discovery does not need to be completed where "it will patently not change the outcome," Minoia v. Kushner, 365 N.J. Super. 304, 307-08 (App. Div. 2004), or "'supply the missing elements of the cause of action,'" Wellington, 359 N.J. Super. at 496 (quoting Auster v. Kinoian, 153 N.J. Super. 52, 56 (App. Div. 1977)).

In different circumstances, we might conclude the court mistakenly exercised its discretion in not permitting plaintiff additional time to obtain an expert. However, here it is of no import because there was no evidence to support an expert opinion that would successfully pierce the immunity defendant enjoyed from a claim of negligence. Therefore, since defendant's status as a charitable organization under the Act was undisputed, defendant was accorded immunity from plaintiff's negligence claim. See N.J.S.A. 2A:53A-10. The court's order granting defendant summary judgment is supported by the applicable principles of law.

We turn then to the order denying plaintiff's motion to amend her complaint to add a count of gross negligence. "We review a trial court's decision to grant or deny a motion to amend the complaint for abuse of discretion." Grillo v. State, 469 N.J. Super. 267, 275 (App. Div. 2021) (quoting Port Liberte II Condo. Ass'n v. New Liberty Residential Urb. Renewal Co., 435 N.J. Super. 51, 62 (App. Div. 2014)). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Under Rule 4:9-1, a party may amend its complaint after the adverse party has responded, "only by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice. A motion for leave to amend shall have annexed thereto a copy of the proposed amended pleading."

Our Supreme "Court has construed Rule 4:9-1 to 'require[ ] that motions for leave to amend be granted liberally,' even if the ultimate merits of the amendment are uncertain." Prime Acct. Dept. v. Twp. of Carney's Point, 212 N.J. 493, 511 (2013) (alteration in original) (quoting Kernan v. One Wash. Park Urb. Renewal Assocs., 154 N.J. 437, 456 (1998)). "'[T]he granting of a motion

to file an amended complaint always rests in the court's sound discretion.' Kernan, 154 N.J. at 457. That exercise of discretion requires a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (citation reformatted).

An amendment is "futile" when "the amended claim will nonetheless fail and, hence, allowing the amendment would be a useless endeavor." Prime Acct. Dept., 212 N.J. at 511 (quoting Notte, 185 N.J. at 501). "'"[C]ourts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law. . . . [T]here is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted."'" Ibid. (alterations in original) (quoting Notte, 185 N.J. at 501-02).

Plaintiff sought to amend the complaint to add a claim of gross negligence. The Act states:

> Nothing in this section shall be deemed to grant immunity to: (1) any nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes, or its trustee, director, officer, employee, agent, servant or volunteer, causing damage by a willful, wanton or grossly negligent act of commission or omission . . . .
>
> [N.J.S.A. 2A:53A-7(c).]

11

"The tort of gross negligence falls on a continuum between ordinary negligence and recklessness, a continuum that extends onward to intentional conduct." Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 363 (2016). In Steinberg, the Court further explained gross negligence is

> an act or omission, which is more than ordinary negligence, but less than willful or intentional misconduct. Gross negligence refers to a person's conduct where an act or failure to act creates an unreasonable risk of harm to another because of the person's failure to exercise slight care or diligence.
>
> [Id. at 364 (quoting Model Jury Charges (Civil), 5.12, "Gross Negligence" (rev. March 2019)).]

"Whereas negligence is 'the failure to exercise ordinary or reasonable care' that leads to a natural and probable injury, gross negligence is 'the failure to exercise slight care or diligence.'" Ibid. (quoting Model Jury Charges (Civil), 5.12).

Prior to the service of the summary judgment motion, plaintiff had not identified an expert or served an expert report to support a claim of negligence or gross negligence. Thereafter, plaintiff did not move for an extension of time to retain an expert and issue a report. Rather, in opposing the summary judgment motion, plaintiff asserted an expert could conclude, after an investigation, that there was a violation of a code or standard that might be evidence of gross

negligence. However, as the trial court found, plaintiff's contention is speculative at best.

Plaintiff testified she slipped near the bottom of the staircase as she was walking down the middle of it, not holding the available handrails. Even if plaintiff was accorded an extension of time to obtain an expert report, there was no evidence of defendant's "failure to exercise slight care or diligence." See Steinberg, 226 N.J. at 364. Therefore, any proffered expert opinion would not change the legal conclusion that defendant was immune from liability under the Act. As a result, we discern no abuse of discretion in the court's order denying plaintiff's cross-motion to amend her complaint. See Monaghan v. Holy Trinity Church, 275 N.J. Super. 594, 599 (App. Div. 1994) ("Plaintiff's argument that the Act does not apply to her claim because of some unspecified actions of the [defendant that] allegedly constitute gross negligence is an obvious attempt to circumvent application of the Act and defeat the immunity that the Legislature clearly made available to the [defendant].").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0852-22