**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0735-22

LAURENCE ROTHSCHILD and
BARBARA ROTHSCHILD,

     Plaintiffs-Appellants,

v.

TOWNSHIP OF PARSIPPANY-
TROY HILLS and POLICE
ATHLETIC LEAGUE OF
PARSIPPANY-TROY HILLS,

     Defendants/Third-Party
     Plaintiffs-Respondents,

v.

GARDEN STATE COIN STAMPS
CURRENCY SHOW, INC.,

     Third-Party Defendant-
     Respondents.

_____

Submitted February 13, 2024 – Decided March 8, 2024

Before Judges Mayer, Enright and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0356-20.

Bathgate, Wegener & Wolf, PC, attorneys for appellants (Daniel J. Carbone, on the briefs).

Cipriani & Werner, PC, attorneys for respondents Township of Parsippany-Troy Hills and Police Athletic League of Parsippany-Troy Hills (Robert Francis Ball, on the brief).

PER CURIAM

Plaintiffs Laurence Rothschild and his wife, Barbara Rothschild,[1] appeal from the following orders: a February 1, 2022 order dismissing plaintiffs' complaint without prejudice as to defendant Township of Parsippany-Troy Hills (Township); a May 27, 2022 order denying plaintiffs' cross-motion to preclude documents produced beyond the discovery end date and for leave to file an amended complaint against the Township; a July 7, 2022 sua sponte order declaring defendant Police Athletic League of Parsippany-Troy Hill (PAL) entitled to charitable immunity; a July 13, 2022 order denying plaintiffs' motion for reconsideration of the May 27 order; an October 3, 2022 sua sponte order dismissing plaintiffs' complaint against the PAL without prejudice; and an

---

[1] We refer to plaintiffs by their first names. No disrespect is intended.

A-0735-22

October 25, 2022 sua sponte order dismissing plaintiffs' complaint against the PAL with prejudice. We reverse all orders on appeal.

Defendants describe the procedural pathway to the motion judge's dismissal of plaintiffs' complaint with prejudice as "unorthodox."[2] Because we agree the approach taken by the judge in dismissing plaintiffs' complaint with prejudice was unusual and inconsistent with our Court Rules, we are constrained to reverse and remand the matter to the trial court.

We recite the facts from the motion record, emphasizing the unusual procedural history of this case. In May 2019, defendant Garden State Coin Stamps Currency Show, Inc. (Garden State) rented premises owned by the PAL to host a coin show. While attending Garden State's coin show, Laurence slipped and fell in a puddle of water. He suffered injuries as a result.

---

[2] In their brief, defendants acknowledge the judge's decisions and rulings were "not achieved via standard operating procedure." Our Court Rules are more than aspirational goals or standard operating procedure. The New Jersey Supreme Court is responsible for adopting the rules governing the practices and procedures in all New Jersey courts. See R. 1:1-1. The Court promulgated the Court Rules "for the purpose of promoting reasonable uniformity in the expeditious and even administration of justice." Ragusa v. Lau, 119 N.J. 276, 283 (1990) (quoting Handelman v. Handelman, 17 N.J. 1,10 (1954)). Judges are required to apply and follow these rules.

In April 2020, plaintiffs filed an amended complaint against the Township, the PAL, and Garden State asserting claims for negligence. Barbara asserted a per quod claim based on her husband's injuries.

The Township and PAL filed answers. Because Garden State failed to file a responsive pleading, the trial court entered default judgment against it. The PAL subsequently amended its answer to include charitable immunity as an affirmative defense. The court set November 1, 2021 as the discovery end date.

The PAL and Township moved for summary judgment. The Township claimed immunity under the New Jersey Torts Claims Act (NJTCA), N.J.S.A. 59:1-1 to 59:12-3, based on plaintiffs' failure to file a timely notice of a tort claim under N.J.S.A. 59:8-8. The PAL asserted protection against plaintiffs' lawsuit under the Charitable Immunity Act, N.J.S.A. 2A:53A-7.

In a February 1, 2022 order, the judge dismissed plaintiffs' complaint against the Township "without prejudice." However, instead of addressing the Township's arguments in support of summary judgment, the judge dismissed the complaint for reasons not argued by the Township. The judge found:

> [T]he New Jersey Torts Claims Act has a heightened damages requirement. A temporary injury . . . is not recoverable under the act. . . .
>
> Here . . . [Laurence alleged he] suffered severe internal and external injuries [and] severe mental and emotional

pain and suffering. . . . N.J.S.A. 59:9-2(d) states that: "No damages shall be awarded against a public entity . . . for pain and suffering resulting from any injury . . . [except] in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00." The [c]ourt finds nothing in these allegations that speaks to a claim for permanent loss of a bodily function, permanent disfigurement, or dismemberment. For this reason, [p]laintiff[s'] claim against the Township . . . is dismissed without prejudice.

The judge also denied the PAL's motion for summary judgment without prejudice. The judge concluded:

[T]here remain[] issues of fact as to whether [the PAL] qualifies as [an entity entitled to charitable immunity]. For this reason, . . . granting [s]ummary [j]udgment . . . in favor of [the PAL] . . . is premature. . . .

. . . [H]owever, . . . if [the PAL] [is] to demonstrate that the Charitable Immunity Act was applicable . . .[,] [p]laintiff[s] would then bear the burden of demonstrating that the harm suffered was the result of a willful, wanton, or grossly negligent act. See N.J.S.A. 2A:53A-7-1(c). The [c]ourt does not glean from the pleadings that such a degree of negligence took place here.

On April 14, 2022, the PAL renewed its motion for summary judgment based on charitable immunity. As part of its refiled motion, the PAL submitted a table of revenue from 2019 to 2021 (revenue table), listing revenue received

from "[p]ublic [c]ontributions and [f]undraising." The PAL did not produce the revenue table during discovery.

Plaintiffs cross-moved to preclude the PAL from relying on evidence submitted after the close of discovery. Plaintiffs also sought leave to file an amended complaint against the Township. In the proposed amended complaint, plaintiffs specifically alleged Laurence suffered a permanent loss of a bodily function, incurring medical expenses exceeding $3,600, to be entitled to damages under the NJTCA.

In a May 23, 2022 order, the judge denied the PAL's renewed motion for summary judgment without prejudice. In his accompanying decision, the judge wrote:

> In opposition to [the PAL's] [m]otion for [s]ummary [j]udgment, [p]laintiffs argue that [the PAL] has blanketly asserted that [it is] entitled to charitable immunity because of the substance of [its] by-laws. The [c]ourt finds that [the PAL] has offered a one-page document that demonstrates [its] sources of funding. The [c]ourt agrees . . . that blanket statements alone are insufficient to establish immunity under the [Charitable Immunity] Act. . . .
>
> . . . [T]he data as to [the PAL's] sources of revenue is neither sufficient nor dispositive. While the data . . . suggests that government support . . . and public contributions are high, "Program Revenue" as set forth in the exhibit, which made up between 9.7 and 32.3% of [the PAL's] total revenue between 2019 and 2021[,]

6

is ambiguous[,] and more evidentiary support is needed. Accordingly, . . . an [evidentiary] hearing . . . is appropriate to determine whether immunity exists in this matter.

Based on his findings, the judge scheduled a June 24, 2022 evidentiary hearing on the issue of charitable immunity. The judge also determined there was "no need to make determinations as to gross negligence" until after the evidentiary hearing. Despite denying the PAL's motion for summary judgment, the judge dismissed plaintiffs' complaint against the PAL without prejudice.

The judge also rejected plaintiffs' cross-motion to bar the PAL from relying upon documents not produced in discovery. The judge stated:

[G]ranting [p]laintiffs' [m]otion to [b]ar [evidence] is overly prejudicial to [the PAL]. While the discovery period in this matter has elapsed, trial is not scheduled until September 12, 2022. [Because] there remain facts to be examined as to whether the Charitable Immunity Act properly applies to [the PAL], . . . a proper and meritorious basis exists for discovery to be extended for this purpose either by stipulation . . . or motion.[3]

Additionally, the judge denied plaintiffs' cross-motion for leave to file an amended complaint against the Township. In denying the cross-motion, the judge stated: "The [c]ourt has already found that [the Township] be properly dismissed as a matter of law. . . . [T]he [c]ourt . . . finds no clear error or new

---

[3] The parties never extended the discovery period by stipulation or motion.

A-0735-22

facts to warrant granting a [m]otion to [a]mend the [c]omplaint to reinstate claims against [the Township]."

The day after the judge entered these orders, plaintiffs' counsel asked the judge to clarify the May 23, 2022 order. Counsel noted the judge's order and written decision were inconsistent because the order denied the PAL's motion for summary judgment but then dismissed plaintiffs' complaint against the PAL.

On May 27, 2022, the judge vacated his May 23, 2022 order and entered an amended order. In the May 27, 2022 amended order, the judge denied the PAL's renewed motion for summary judgment, denied plaintiffs' cross-motion, and scheduled an evidentiary hearing on the issue of charitable immunity.

A few days later, plaintiffs moved for reconsideration of the judge's May 27, 2022 order. Plaintiffs also asked the judge to reinstate their complaint against the Township and allow the amendment of their claims against the Township.

On June 28, 2022, well after the discovery end date, the PAL submitted over one hundred pages of financial documents for the court's "review and consideration" in support of its charitable immunity defense. These documents were not attached to a certification or affidavit. Three days after receipt of the

A-0735-22

PAL's financial documents, the judge held a hearing on the issue of charitable immunity.

Although the judge previously stated he would conduct an evidentiary hearing, no witnesses testified at the July 1, 2022 hearing. Instead, the judge heard legal arguments regarding the PAL's submission of financial documents after the close of discovery and the evidence necessary to establish a charitable immunity defense. Because the judge did not conduct an evidentiary hearing consistent with his prior orders, plaintiffs lacked an opportunity to cross-examine representatives of the PAL on the charitable immunity defense. Also, given the three-day time period between receipt of the PAL's voluminous financial documents and the scheduled evidentiary hearing, plaintiffs could not retain an expert to review and refute the information in those documents.

About a week after this court proceeding, the judge issued a sua sponte order and accompanying written decision, finding the PAL received "a significant amount of funding rooted in [c]haritable [c]ontributions[] and [p]rogram [r]evenue." Based on the belatedly produced documents, the judge concluded the PAL was entitled to charitable immunity.

In a July 13, 2022 order and accompanying written decision, the judge denied plaintiffs' motion for reconsideration of the May 27, 2022 amended order.

Following the entry of these orders, the court clerk mistakenly marked the case "closed." As a result, counsel contacted the court clerk "to determine whether there was any need to appear for the September 12, 2022 trial date." The court clerk "indicated that the matter would be 'reinstated' and that the parties [would] need to appear . . . for the trial date."

On September 12, 2022, counsel attended a case management conference. At the conclusion of the conference, the Presiding Judge of the Civil Part scheduled the trial for October 24, 2022. The next day, counsel for the PAL sent a letter to the judge who decided the parties' motions, stating:

> There remains some confusion in this matter as to the [c]ourt's prior [o]rders, which became apparent at the September 12, 2022 conference. . . .
> . . . .
>
> The actual issue causing the confusion is whether the [PAL] has been granted summary judgment on the issue of charitable immunity or not.
> . . . .
>
> It appears, therefore, that the confusion lies in whether the [July 7, 2022 order] found (1) that the [PAL] was entitled to charitable immunity barring the claim and ending the case or (2) that the [PAL] was entitled to

raise the defense of charitable immunity[,] leaving the issue of gross negligence to still be decided.

In response to this letter, the motion judge issued an October 3, 2022 sua sponte clarification order, dismissing plaintiffs' complaint against the PAL without prejudice. In his accompanying decision, the judge wrote:

> [T]he only remaining claim is for gross negligence. The acts and/or omissions by the [PAL] simply are not sufficient to support this allegation.
>
> "Gross [n]egligence" refers to behavior which qualifies as "indifference to consequences." Banks v. Korman Assocs., 218 N.J. Super. [370] (App. Div. 1987). To prove gross negligence, a plaintiff must offer more than mere assertions. See Skarbnik v. Life Time Fitness Inc., No. A-3229-10, 2021 WL [3923270 (App. Div. Sept. 2, 2021)], holding that a plaintiff who slipped and fell on a wet gym floor had not pled a viable claim of gross negligence. Here, [p]laintiff[s] merely claim[] that the [PAL] was negligen[t] in allowing a dangerous condition (namely a puddle of water) to remain on [its] premises, causing [Laurence] to slip and fall. This is a [barebones] accusation that falls short of gross negligence. No reasonable jury would find otherwise. Because no viable cause of action remains, the complaint must be dismissed.

The PAL's attorney sent the judge another letter on October 3, 2022, stating:

> The [October 3, 2022 decision] outlines the finding of no gross negligence, resulting in no viable claim and ordering that the [c]omplaint be dismissed. The [o]rder[,] however[,] dismisses the [c]omplaint without

11

> prejudice. [The PAL's] position under the circumstances would be that the [c]omplaint be dismissed with prejudice. This would allow the [o]rder to be considered final.

The judge then issued an October 25, 2022 amended order, dismissing plaintiffs' complaint against the PAL with prejudice. The judge did not elicit further briefing or arguments from counsel before issuing the October 3 or October 25, 2022 sua sponte orders.

On appeal, plaintiffs argue the judge erred in granting summary judgment to the PAL and Township. Plaintiffs further contend the issue of gross negligence is a question of fact to be decided by a jury. Additionally, plaintiffs assert the PAL is not entitled to charitable immunity because it failed to proffer clear evidence supporting its funding and revenue sources. Plaintiffs also claim the judge erred in denying their motion to amend the complaint as to the Township.

We review questions of law de novo, including the applicability of a charitable immunity defense. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019).

We similarly review a trial court's grant or denial of a motion for summary judgment de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We consider "whether the competent

evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

A trial court's evidentiary ruling is reviewed for abuse of discretion. Rowe v. Bell & Gossett Co., 239 N.J. 531, 551 (2019). We also review a trial court's denial of a motion for reconsideration under an abuse of discretion standard. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). The same abuse of discretion standard governs our review of a trial court's denial of a motion to amend a complaint. Grillo v. State, 469 N.J. Super. 267, 275 (App. Div. 2021).

"When examining a trial court's exercise of discretionary authority," we will "reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances," Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)), such as when "a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez

v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). However, where a trial judge renders a discretionary decision under a misconception of the applicable law, the decision is not entitled to our deference and is reviewed de novo. Summit Plaza Assocs. v. Kolta, 462 N.J. Super. 401, 409-10 (App. Div. 2020).

We first consider plaintiffs' argument that the judge erred in dismissing their complaint against the Township. Plaintiffs assert the judge's dismissal order violated their right to due process because they lacked notice or an opportunity to be heard on a legal issue the Township never raised in its summary judgment motion.

The Township argued it was entitled to summary judgment because plaintiffs failed to file the required notice of tort claim under N.J.S.A. 59:8-8. However, the judge dismissed the claims against the Township "without prejudice" on an alternate basis—specifically, plaintiffs' failure to present injuries cognizable under N.J.S.A. 59:9-2(d). Because this issue was not raised or argued by the Township, plaintiffs contend they lacked any opportunity to brief the issue or present legal arguments why Laurence's injuries satisfied the statutory requirement under the NJTCA to recover damages. We agree.

"The minimum requirements of due process of law are notice and an opportunity to be heard." Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 84 (App. Div. 2001) (citing Doe v. Poritz, 142 N.J. 1, 106 (1995)). "[A]t a minimum, due process requires that a party in a judicial hearing receive 'notice defining the issues and an adequate opportunity to prepare and respond.'" J.D. v. M.D.F., 207 N.J. 458, 478 (2011) (quoting H.E.S. v. J.C.S., 175 N.J. 309, 321 (2003)). A party must have "an opportunity to be heard at a meaningful time and in a meaningful manner." Klier, 337 N.J. Super. at 84.

Here, the judge unexpectedly dismissed the complaint against the Township on a legal theory not advanced in the Township's summary judgment motion. Plaintiffs had no notice of the legal issue raised by the judge and should have been afforded a meaningful and adequate opportunity to respond. Under the circumstances, we are satisfied plaintiffs were deprived of due process. Thus, we reverse the February 1, 2022 order dismissing plaintiffs' complaint against the Township.[4]

---

[4] We also note a procedural anomaly in the judge's order dismissing plaintiffs' complaint against the Township without prejudice. The Township moved for summary judgment under Rule 4:46-2. The judge should have applied the standard governing summary judgment motions and either granted or denied the Township's motion. See Auster v. Kinoian, 153 N.J. Super. 52, 56 (App. Div. 1977) ("A summary judgment dismissing an action without prejudice constitutes

Because we reverse the February 1, 2022 order dismissing plaintiffs' complaint against the Township, plaintiffs' arguments regarding the denial of their motion for leave to file an amended complaint against the Township and denial of their motion for reconsideration of the May 27, 2022 amended order are moot and we need not address those arguments. See Housing Auth. of City of New Brunswick v. Suydam Invs., L.L.C., 177 N.J. 2, 28 (2003) (declining to reach issues rendered moot in light of the court's determinations on appeal). On remand, the parties may renew motions relevant to their respective legal positions.

We next consider plaintiffs' argument that the judge erred in determining the PAL was entitled to charitable immunity. Plaintiffs contend the PAL failed to present sufficient evidence as to its revenue and funding sources to be entitled to charitable immunity under F.K. v. Integrity House, Inc., 460 N.J. Super. 105 (App. Div. 2019). Plaintiffs also argue the judge failed to follow his own orders and conduct an evidentiary hearing on the disputed factual issues related to the PAL's entitlement to charitable immunity. Additionally, plaintiffs assert the judge mistakenly considered financial records provided well after the close of

a contradiction in terms and a fundamental misconception of the nature and purpose of the practice.").

discovery and lacked authentication and attestation based on personal knowledge.

"Charitable immunity is an affirmative defense, as to which . . . defendants bear the burden of persuasion." F.K., 460 N.J. Super. at 116 (quoting Abdallah v. Occupational Ctr. of Hudson Cnty., Inc., 351 N.J. Super. 280, 288 (App. Div. 2002)). The "entity seeking charitable immunity must establish that it '(1) was formed for nonprofit purposes; (2) is organized exclusively for religious, charitable or educational purposes; and (3) was promoting such objectives and purposes at the time of the injury to plaintiff who was then a beneficiary of the charitable works.'" Ibid. (quoting Tonelli v. Bd. of Educ. of Twp. of Wyckoff, 185 N.J. 438, 444-45 (2005)).

Entities "organized exclusively for educational or religious purposes automatically satisfy the second prong of the charitable immunity standard." Id. at 117 (citing Ryan v. Holy Trinity Evangelical Lutheran Church, 175 N.J. 333, 343 (2003)). However, if an entity asserts it is organized for charitable purposes, such as the PAL, a court must review its funding sources "to discern whether a charitable purpose is being fulfilled." Ibid. Specifically, the entity "must demonstrate some level of support from charitable donations and/or trust funds." Ibid. (quoting Bieker v. Cmty. House of Moorestown, 169 N.J. 167, 178 (2001)).

17

In addition, the entity must "substantiate that its public service efforts relieve[] the government of a burden." Id. at 121.

To demonstrate charitable purposes, an entity must "submit sufficient evidence to substantiate the source and use of its funding." Ibid. First, it must "provide evidence to assist in analyzing its [financial records] and determining the percentage of funds received from charitable contributions." Ibid. Second, it must specify the fee structure for its programs and services and detail its fundraising efforts with specificity. Ibid.

Here, plaintiffs did not dispute the PAL is a nonprofit organization under the first prong of the charitable immunity analysis. Plaintiffs also agreed Laurence was a beneficiary of the PAL's works at the time of his slip and fall under the third prong.

However, plaintiffs disputed the PAL's entitlement to charitable immunity under the second prong because the PAL failed to establish it was organized exclusively for educational or charitable purposes. Because there were disputed facts under the second prong of the charitable immunity analysis, plaintiffs understood from the judge's prior orders there would be an evidentiary hearing on the PAL's entitlement to charitable immunity.

18

Three days prior to the scheduled hearing, the PAL presented several years of tax returns and other financial documents in support of its entitlement to charitable immunity.[5] Under the circumstances, plaintiffs lacked sufficient time to review the documents or to retain an expert to refute the information presented in those financial documents. At a minimum, the judge should have adjourned the hearing for plaintiffs to examine and refute the PAL's financial documents in support of charitable immunity.

Additionally, the judge did not conduct an evidentiary hearing consistent with his prior orders. Rather, the judge heard legal arguments from counsel on the issue of charitable immunity. The judge's failure to hold an evidentiary hearing on the disputed factual issues related to the PAL's entitlement to charitable immunity warrants a remand to conduct an appropriate hearing.

Further, the PAL's belatedly supplied financial documents, upon which the judge relied in finding the PAL was entitled to charitable immunity, were not properly authenticated. Rule 1:6-6 provides:

> If a motion is based on facts not appearing of record or not judicially noticeable, the court may hear it on affidavits made on personal knowledge, setting forth only facts which are admissible in evidence to which

---

[5] The PAL's voluminous documents submitted to the judge were attached to counsel's June 28, 2022 letter without any supporting affidavit or certification from an individual with personal knowledge as required under Rule 1:6-6.

the affiant is competent to testify and which may have annexed thereto certified copies of all papers or parts thereof referred to therein. The court may direct the affiant to submit to cross-examination, or hear the matter wholly or partly on oral testimony or depositions.

A document submitted in support of a motion for summary judgment must be "authenticated by an affidavit or certification based on personal knowledge." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 600 (App. Div. 2011).

Here, the PAL provided no affidavits or certifications based on personal knowledge to authenticate the financial documents submitted to the judge with its June 28, 2022 letter. Because plaintiffs challenged the authenticity and accuracy of those documents, the judge erred in relying upon them to find the PAL was entitled to charitable immunity.

Moreover, the PAL's financial documents were supplied long after the discovery end date. The PAL had ample opportunity during the discovery period to provide financial documents in support of its asserted charitable immunity defense. However, the PAL provided those financial documents just three days prior to the scheduled evidentiary hearing. The PAL did not seek to reopen discovery before submitting the additional financial documents to the judge.

After the close of discovery, "[a] trial judge has discretion to permit supplemental affidavits to be submitted on summary judgment motions." Sholtis

v. Am. Cyanamid Co., 238 N.J. Super. 8, 17 (App. Div. 1989). However, in exercising that discretion, a judge should take into consideration whether the party receiving the documents after the close of discovery requires additional time to review and refute the information.

Here, plaintiffs had only a few days to review financial materials belatedly provided by the PAL prior to the scheduled evidentiary hearing. Nor did the judge conduct an evidentiary hearing to allow plaintiffs an opportunity to cross-examine the PAL's witnesses regarding the financial documents. Plaintiffs were also deprived of the ability to retain an expert witness to examine the PAL's voluminous financial documentation. For these reasons, we reverse the July 13, 2022 order and October 25, 2022 amended order dismissing plaintiffs' complaint against the PAL and remand for an evidentiary hearing to resolve the factual disputes concerning the PAL's assertion of charitable immunity.

Given the "unorthodox" procedures employed by the motion judge in dismissing plaintiffs' complaint against defendants with prejudice, we reverse all orders on appeal and remand for proceedings consistent with this opinion. On remand, the parties may revisit any issues upon the filing of appropriate motions. We take no position on the outcome of any such motions. We simply

21

add that a review of any motions on remand must comport with the New Jersey Court Rules.

To the extent we have not addressed any of plaintiffs' remaining arguments, those arguments are either moot based on our remand or do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION